887 F.2d 1079
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Raymond A. KAMINSKI, Plaintiff-Appellant,
v.
Arnold HOPKINS, Commissioner of Corrections; Bishop
Robinson, Secretary of Public Safety; Captain Pottillo,
Assistant Unit Manager; Sgt. Myers; Officer Wheeler;
Officer Kane; John P. Wilt, Warden; Sgt. Pindell; Sgt.
Cough; Ms. Barthlow, Counselor; Mr. Wells, Counselor;
Robert Kokoski; Officer C. Kessler; Officer P. Reed; John
-1 Doe; John -2 Doe; Officer Dorsey; Sgt. John -3 Doe;
Robert Kowski Officer Clay; Officer Handy; Officer
Vaughan, Defendants-Appellees.
Walter JEFFERSON, Plaintiff-Appellant,
v.
Arnold HOPKINS, Commissioner of Corrections; Bishop
Robinson, Secretary of Public Safety; Captain Pottillo,
Assistant Unit Manager; Sgt. Myers; Officer Clay; Officer
Handy; Officer Vaughn; Officer Wheeler; Officer Kane;
John P. Wilt, Warden; Sgt. Pindell; Sgt. Cough; Ms.
Barthlow, Counselor; Mr. Wells, Counselor; Robert Kokoski;
Officer C. Kessler; Officer P. Reed; John Doe -1; John
Doe -2; Officer Dorsey; Sgt. John Doe -3; Robert Kowski,
Defendants-Appellees.
 Nos. 88-6040, 88-6041.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 18, 1989.
Decided: Sept. 27, 1989.
 
 Walter Jefferson, appellant pro se.
 Before PHILLIPS, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Walter Jefferson and Raymond A. Kaminski appeal the district court's order dismissing their 42 U.S.C. Sec. 1983 actions without prejudice. Both Jefferson and Kaminski were convicted of prison disciplinary infractions because results of the EMIT drug test revealed the presence of opiates in their urine. In their complaints, Kaminski and Jefferson contended that the use of the EMIT test results violated their constitutional rights. Our decision in Thompson v. Hall, No. 88-6525 (4th Cir. Aug. 14, 1989) (unpublished), is dispositive of the issue. Thompson specifically held "that the EMIT test, scientifically recognized as a valid medical procedure, constitutes some evidence to support the imposition of disciplinary sanctions." Id., slip op. at 7.
 
 
 2
 As the dispositive issue recently has been decided authoritatively, we dispense with oral argument. The judgment of the district court is affirmed.*
 
 
 3
 AFFIRMED.
 
 
 
 *
 To the extent that Jefferson complained that he was denied due process at his administrative hearing, the record reveals no allegation that he was denied the protections mandated by Wolff v. McDonnell, 418 U.S. 539 (1974). That the notice of infraction was not as detailed as Jefferson maintained it should have been is of no consequence, for Jefferson was adequately apprised of the nature of the charge